United States District Court
Southern District of Texas

**ENTERED**

July 20, 2020

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LARRY GENE FRANCIS, (TDCJ–CID #353248) Plaintiff, | § CIVIL ACTION NO. § 4:20-2292 § § § |
| vs. | § JUDGE CHARLES ESKRIDGE § § |
| GERALD NIXON, *et al.*, Defendants. | § § § |

**MEMORANDUM ON DISMISSAL**

The complaint filed by Plaintiff Larry Gene Francis is dismissed as barred by the three-strikes provision of 28 USC § 1915(g). Dkt 1. His motion to proceed *in forma pauperis* is denied. Dkt 2.

Francis proceeds *pro se* and seeks *in forma pauperis* status. He is an inmate of the Texas Department of Criminal Justice—Correctional Institutions Division. He brings suit against his parole officer, Gerald Nixon. He also sues a supervising parole officer, Michael Wesley.

Francis asserts that Nixon altered the conditions of his parole and extended the period of electronic monitoring. Francis complained to Wesley and other regional parole officials about this. He asserts that Nixon then retaliated against him by charging him with a parole violation in September 2018. Francis alleges that Defendants violated his civil rights by revoking his parole following a hearing in October 2018. Among other things, he seeks compensatory damages of $275,000, punitive damages of $1,000,000, and a declaratory judgment that Nixon violated his civil rights.

A threshold issue is whether Francis can proceed *in forma*

*pauperis.* A prisoner is not allowed to do so if federal courts have dismissed three or more prior civil actions or appeals for frivolousness, maliciousness, or failure to state a claim upon which relief may be granted. This bar doesn't apply if the prisoner is in imminent danger of serious physical injury. 28 USC § 1915(g).

Litigation records reveal that Francis has previously brought abusive actions in federal court. The Southern District of Texas has previously dismissed at least three of his suits as frivolous. See *Francis v Texas Board of Pardon and Paroles,* 4:19–cv–4256 (SD Tex) (dismissed for failure to state a claim in January 2020); *Francis v Moss,* 4:04–cv–1094 (SD Tex) (dismissed as frivolous in July 2004); and *Francis v Lynaugh,* 4:89–cv–3011 (SD Tex) (dismissed as frivolous in March 1992).

Francis asserts that he faces physical harm each day he remains incarcerated. He thus appears to argue that his action fits within an exception to the three-strikes bar because he is in imminent danger. The Fifth Circuit holds that the plaintiff must show "imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos v O'Guin,* 144 F3d 883, 884 (5th Cir 1998); accord *Choyce v Dominguez,* 160 F3d 1068, 1070 (5th Cir 1998). The threat of harm must be "real and proximate." *Ciarpaglini v Saini,* 352 F3d 328, 330 (7th Cir 2003) (citations omitted). Conclusory allegations are insufficient to carry that burden. *Smith v Blount,* 258 F Appx 630, 630 (5th Cir 2007) (unpublished).

The exception itself refers to "a genuine emergency" where "time is pressing." *Heimerman v Litscher,* 337 F3d 781, 782 (7th Cir 2003) (citations omitted). As such, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed. The Third Circuit in *Abdul-Akbar v McKelvie* observed that Congress in passing the statute intended to include a safety valve to prevent impending harms, not those which had already occurred. 239 F3d 307, 315 (3rd Cir 2001). And so it there rejected a claim that allegations of having been sprayed with pepper spray combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other

forms of retaliation" sufficiently alleged imminent danger. Id at 315 n 1 (citations omitted). A claim of past danger is thus insufficient to trigger the exception for imminent danger. See *Banos*, 144 F3d at 884 (finding prisoner claims that guards conducted body-cavity searches for purposes of sexual harassment, used excessive force, and assaulted him did not allege or establish imminent danger of physical injury).

The Court has reviewed all of the filings in this action. Francis broadly complains of alleged continuing threats of harm. These allegations are conclusory and do not support a finding that he faces "imminent danger of serious physical injury." 28 USC § 1915(g). The three-strikes provision of 28 USC § 1915(g) bars the filing of the complaint in this action without payment of fees. Francis may still proceed in this action, but he must pay the requisite filing and other fees.

The motion to proceed *in forma pauperis* is DENIED. Dkt 2.

The complaint is DISMISSED WITHOUT PREJUDICE. It will be reinstated if Francis pays the $400 filing fee within thirty days of the entry of this Order.

Any other pending motions are DENIED as moot.

The Clerk of Court must SEND a copy of this Order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on July 20, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge